**UNITED STATES of America, Plaintiff,**

v.

**PIERRE POINT SHIPPING AND INVESTMENT COMPANY, S.A.; Konkar Thetis Corp.; and M/V KONKAR THETIS, her engines, tackle, etc., in rem, Defendants.**

**Civ. A. No. 86–547–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 19, 1987.

Larry W. Shelton, Asst. U.S. Atty., U.S. Atty.'s Office, Norfolk, Va., R. Scott Blaze, Trial Atty., Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Walter B. Martin, Jr., Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendants.

## ORDER

CLARKE, District Judge.

This matter comes before the Court on a Motion to Quash and Vacate Service of Process filed by the defendant Konkar Thetis Corporation. The parties have submitted briefs, and the Court has heard oral argument. Accordingly, this Motion is now ripe for disposition.

This action arises from damage and loss to a cargo of bulk corn owned by the United States and loaded on board the M/V KONKAR THETIS at Norfolk, Virginia. The cargo was destined for Zimbabwe, pursuant to Public Law 480 which allows certain food commodities to be provided to governments of foreign countries for the purpose of alleviating hunger.

The United States originally brought suit against multiple defendants, both *in rem* and *in personam.* By agreement of the parties, several of the defendants were dismissed as agents of a disclosed principal. The remaining defendants in this action are Konkar Thetis Corporation and Pierre Point Shipping and Investment Company, S.A., *in personam* and the M/V KONKAR THETIS, *in rem.*

The M/V KONKAR THETIS is a Greek-flag cargo vessel, owned by Konkar Thetis Corporation, a Liberian corporation. At the time the plaintiff's cause of action arose, the M/V KONKAR THETIS was chartered by Konkar Thetis Corporation to Dundasbulk under a time charter. The cargo, which is the subject matter of this action, was shipped from Norfolk, Virginia under a subcharter between Dundasbulk and Pierre Point Shipping and Investment Company, S.A.

Service of process was obtained on Konkar Thetis Corporation pursuant to the Virginia long-arm statute which permits the plaintiff to serve the Secretary of the Commonwealth as a statutory agent for the nonresident party. *See* Va.Code § 8.01–329 (Cum.Supp.1986). The defendant now moves this Court to quash and vacate service of process on the ground that they were not "transacting business" in Virginia within the meaning of the Virginia long-arm statute.

The pertinent section of the statute reads: "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's: 1. Transacting any business in this Commonwealth ...". Va. Code § 8.01–328.1(A)(1) (Cum.Supp.1986). This section is a single act statute. Therefore, jurisdiction will exist with respect to a cause of action arising from the business transaction if by that one act the nonresident can be said to have engaged in some purposeful activity in Virginia. *City of Virginia Beach v. Roanoke River Basin Ass'n,* 776 F.2d 484 (4th Cir.1985); *Peanut Corp. of Am. v. Hollywood Brands, Inc.,* 696 F.2d 311 (4th Cir.1982); *United States v. Douglas,* 626 F.Supp. 621 (E.D.Va.1985); *Moon Shipyard and Repair Corp. v. O/S Francis M. Lee, Sr.,* 1981 A.M.C. 1556 (E.D.Va.1980).

The Virginia Supreme Court, in applying Virginia's long-arm statute, has made it clear that "the holding in each case must rest upon an analysis of its own particular facts and circumstances." *Kolbe, Inc. v. Chromodern Chair Co.*, 211 Va. 736, 180 S.E.2d 664, 667 (1971). The burden is on the plaintiff to establish a basis for personal jurisdiction over the defendant. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). The question now before the Court is whether Konkar Thetis Corporation has done any act which amounts to transacting business in Virginia.

The defendant, through the affidavit of Dimitrious Perrotis, the president of Konkar Thetis, submits the following factors in support of its Motion to Quash.

1. Konkar Thetis Corp. is a Liberian corporation incorporated on June 16, 1978.

2. At no time since its incorporation has Konkar Thetis Corp. directly or through any other entity done or been licensed to do business in the Commonwealth of Virginia. It has maintained no offices in Virginia, owned no property in Virginia, and has received no revenues from any transactions solicited by it, negotiated by it, executed by it, or consummated by it in Virginia or in any way related to Virginia.

3. Konkar Thetis Corp. maintains its principal office and place of business at 5–7 Filellinon Str., Piraeus, Greece.

4. The only vessel that Konkar Thetis Corp. has owned since its incorporation is M/V KONKAR THETIS which vessel was purchased on December 4, 1981 nor has said Konkar Thetis Corp. during said period chartered any vessels.

5. Konkar Thetis Corp. has from time to time chartered to others its M/V KONKAR THETIS which vessel has from time to time been subchartered to others by said charterer.

6. At the time the plaintiff's cause of action arose the M/V KONKAR THETIS was chartered by Konkar Thetis Corp. to Dundasbulk under a certain time charter party dated August 24, 1984.

7. The cargo which is the subject matter of this action was shipped from Norfolk, Virginia on or about September 20, 1984 under a subcharter between Dundasbulk and Pierre Point Shipping and Investment Company, S.A.

8. No officers, directors or stockholder of Konkar Thetis Corp. are citizens of [sic] residents of the State of Virginia or the United States.

9. In September 1984 when the M/V KONKAR THETIS was at Norfolk, Virginia, Konkar Thetis Corporation appointed no agent. The vessels [sic] agent at that time was appointed by the vessels [sic] charterer.

10. That the only other times the M/V KONKAR THETIS has been within the Commonwealth of Virginia are as follows:

| | |
|---|---|
| Arrived: | 1/07/83 |
| Departed: | 1/21/83 |
| Arrived: | 9/12/85 |
| Departed: | 9/15/85 |
| Arrived: | 8/09/86 |
| Departed: | 8/13/86 |

On all of the above occasions the KONKAR THETIS was under charter to other parties who arranged for local agents, stevedores and all other port related activities.

(Affidavit of Dimitrios Perrotis.)

The defendant asserts that this Court lacks *in personam* jurisdiction because when the plaintiff's cause of action arose, the M/V KONKAR THETIS was time chartered to a third party. Therefore, the Konkar Thetis Corporation was not transacting business in Virginia. In support of this argument, the defendant cites to *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), where the court held that the unilateral activity of third parties cannot satisfy the requirement of contact with the forum state.

The Court finds that the defendant's reliance on *Helicopteros* is misplaced. There, the Supreme Court was addressing the question of *in personam* jurisdiction under the Texas long-arm statute with re-

spect to a cause of action not related to or arising from the contacts the defendant had with the State of Texas.

The plaintiff asserts that the case of *Moon Shipyard and Repair Corp. v. O/S Francis M. Lee, Sr.,* 1981 A.M.C. 1556 (E.D.Va.1980), is controlling in this situation. In *Moon Shipyard,* the court held that a single instance of a vessel owner bringing its vessel into Virginia for repairs satisfied both the Virginia long-arm statute and the requirements of due process.

However, the defendant argues that the facts in *Moon Shipyard* can be distinguished from the facts now before the Court. The defendant states that in *Moon Shipyard* the owner of the vessel sent the vessel to Hampton Roads for repairs and the owner was the party who contracted with and paid the shipyard in Virginia. In the facts now before the Court, the defendant asserts that it did not send the M/V KONKAR THETIS to Virginia. Rather, it was the charter Pierre Point who sent the vessel to Hampton Roads to load a cargo for which Pierre Point received monies and not the vessel owner. The Court is not persuaded by the defendant's argument.

In a case very similar to the one now before the Court, the district court in Texas held that the owner of the vessel was doing business when it loaded cargo at a Texas port even though the vessel had been chartered by a third party. *See Mitsubishi Shoji Kaisha v. M/S Galini,* 323 F.Supp. 79 (S.D.Tex.1971). In *Mitsubishi,* the owner of the vessel was a corporation organized under the laws of Panama whose principal place of business was in Athens, Greece. The vessel, the M/S GALINI, was a Liberian flag vessel and the only vessel owned by the defendant corporation. The cause of action arose out of the contamination of grain loaded on the vessel at a Texas port.

On each of the occasions that the vessel visited Texas ports, including the one involving the loading of the grain, the vessel was chartered by a third party. The court held that

> The one contact with the State of Texas by the shipowner is that the grain, later found to be contaminated, was loaded at a Texas port. The gravity of this single contact, however, sufficiently warrants a finding that there is jurisdiction. The business of the shipping company is to go where the charter directs. The charter in this suit directed the vessel to pick up grain at Brownsville, Texas. Thus, the shipping company by that act engaged in business in Texas. If the shipowner were not doing business in Texas, then it was not doing business anywhere, except in places where it maintained offices.

*Mitsubishi Shoji Kaisha v. M/S Galini,* 323 F.Supp. 79, 82 (S.D.Tex.1971).

■ The Court finds that the defendant, Konkar Thetis was transacting business in Virginia when its only vessel the M/S KONKAR THETIS loaded a cargo of bulk corn at Norfolk, Virginia. The cause of action arises out of damage and loss to this cargo. Accordingly, the Court finds that the plaintiff's cause of action arises out of the defendant's contact with Virginia. The Court is persuaded by the holding in *Mitsubishi* and holds that if the shipowner were not transacting business in Virginia, then it was not transacting business anywhere, except in places where it maintained offices.

For the foregoing reasons, the Court finds that the defendant Konkar Thetis Corporation was "transacting business" within the meaning of the Virginia long-arm statute. Therefore, the Court DENIES the defendant's Motion to Quash and Vacate Service of Process.

IT IS SO ORDERED.