## CIRCUIT COURT OF FAIRFAX COUNTY

C.T.I. Corp., Inc.

v.

Reading Industries Corp. et al.

October 4, 1990

Case No. (Chancery) 117118

By JUDGE THOMAS S. KENNY

This case is before the court pursuant to defendants J. Craig Marshall, Jeffrey Harris, Kevin D. Rooney, George H. Bohlinger, and Fred Roehner's motion to dismiss for lack of jurisdiction. The primary issue raised by the defendants in their brief and through oral argument heard on August 31, 1990, is whether the Virginia long arm statute will allow personal jurisdiction to obtain over the nonresident defendants. A secondary question concerns whether the court may appoint a receiver once a corporation has begun voluntary dissolution. Both of these inquiries yield an affirmative answer.

In Virginia jurisdiction need not be affirmatively pleaded. Courts of general jurisdiction are presumed to have jurisdiction of the subject matter and the parties to causes upon which they act. *Turner v. Barrod*, 102 Va. 324, 46 S.E. 318 (1904).

When jurisdiction is sought pursuant to the long-arm statute, a dual analysis is normally required: first, it must be determined whether the statutory language, as a matter of construction, purports to assert personal jurisdiction over a defendant; and second, assuming that

the answer to the first question is affirmative, it must be determined whether the statutory assertion of personal jurisdiction is consonant with the due process clause of the U.S. Constitution. *Peanut Corp. v. America v. Hollywood Brands, Inc.*, 696 F.2d 3111 (4th Cir. 1982).

Virginia's long arm statute, § 8.01-328.1 of the Virginia Code, is a single act statute. *U.S. v. Pierre Point Shipping & Inv. Co.*, 655 F. Supp. 1379 (E.D. Va. 1987). Where, as here, long arm jurisdiction is based on § 8.01-328.1(A)(1), a solitary business transaction that is related to the object of the suit is sufficient to allow a court to bind a party. While it is true that the Supreme Court in *Shaffer v. Heitner*, 433 U.S. 196 (1977), held that mere shareholder status is not sufficient to confer personal jurisdiction over a nonresident, the aforementioned parties are clearly more.

In *Pittsburgh Terminal Corp. v. Mid-Allegheny Corp.*, 831 F.2d 522 (4th Cir. 1987), the court upheld personal jurisdiction over nonresident officers and directors of a domestic corporation under West Virginia's long arm statute, specifically that provision of the statute that included "transacting any business." *Id.* at 527. Engaging in the necessary due process analysis, the court noted that "it is not necessary that the defendant ever actually enter the forum state's territory; so long as the defendant has purposefully directed his activities toward the forum state, and the litigation arises from those activities, due process is satisfied." *Id.* at 525.

*Mid-Allegheny* involved a shareholder's derivative suit that challenged the conduct of the nonresident fiduciaries. Similarly this suit is a challenge to the conduct of the various shareholders of a closed corporation for their unlawful distribution and acceptance of funds of a corporation in the process of dissolving. Defendants Marshall, Rooney, Bohlinger, and Roehner clearly fit the mold of the *Mid-Allegheny* defendants and are individually accountable as directors who presumably voted for partial liquidation, allegedly to defraud creditors. It is additionally obvious that Mr. Harris, as a shareholder, had the right to participate in the vote to dissolve Reading Industries, pursuant to Virginia Code § 13.1-742, and may be accountable to the defendant corporation's creditors. For

these reasons, the defendants' motion to dismiss for lack of personal jurisdiction is overruled.

The second question presented by this case is whether it is proper to appoint a receiver since the corporation has already begun voluntary dissolution proceedings. In favor of defendants' position that voluntary proceedings circumvent the power of the court to authorize appointment of a receiver is the language of § 13.1-748 which states that, "A court *in a judicial proceeding brought to dissolve a corporation* may appoint one or more receivers . . . ." However, it appears that the above-quoted language is not the exclusive mechanism by which receivers are appointed. Under § 13.1-747(B), the Court may liquidate the assets of a corporation, after a termination of corporate business, upon the application of any person. It appears implicit that appointment of a receiver would be necessary in such a case, and there is no requirement that the termination stem from judicial dissolution.

The only case law that seems to contemplate appointment of a receiver after voluntary dissolution is *Jeffries v. Commonwealth*, 121 Va. 425 (1917). The real issue before the Court was whether a public service corporation had the same right to voluntary dissolution as an ordinary corporation. The facts disclose that after filing the original certificate for voluntary dissolution and before the final certificate of dissolution was issued by the State Corporation Commission, the Corporation had requested and been granted the appointment of a receiver. The Court's reasoning is fairly persuasive:

> Moreover, the receivership . . . was entirely consistent with the dissolution proceedings and might very properly have been brought, as it may yet very properly be proceeded with, after the issuance of the certificate. The status of all corporations, after dissolution, is expressly preserved by the statute for the purpose of "prosecuting or defending suits by or against them and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital, but not for the purpose of continuing the business for which said corporation

shall have been established. A receivership suit may often be, as in this case, perfectly consistent with and in aid of the limited purposes for which the corporation, after its formal dissolution is thus kept alive.

I have determined that both the statutory and case law applicable to this action do not prohibit the appointment of a receiver in this case, and plaintiff may proceed with its petition to do so.